**Jill E. HOLBEN, Richard P. Holben and Barbara R. Holben**

v.

**COOPERVISION, INC.,**

v.

**Arthur KAPLAN, O.D.**

**Civ. A. No. 86–5940.**

United States District Court, E.D. Pennsylvania.

May 5, 1988.

---

Herbert M. Rafner, Butz, Hudders, Tallman, Stevens & Johnson, Allentown, Pa., for plaintiffs.

Angelo L. Scaricamazza, Jr., Naulty, Scaricamazza & McDevitt, Philadelphia, Pa., for defendant.

Jeffrey R. Dimmich, Allentown, Pa., for third-party defendant.

### MEMORANDUM—ORDER

RICHARD A. POWERS, III, United States Magistrate.

Presently before this Court are defendant's petition for reconsideration of this Court's April 15, 1988 Order granting plaintiffs' motion for sanctions and plaintiffs' reply and new matter. Defendant's petition for reconsideration is denied for defendant's failure to comply with this Court's February 22, 1988 Order, the Federal Rules of Civil Procedure, and the Local Rules of the United States District Court, Eastern District of Pennsylvania.

In the petition for reconsideration, defendant attempts to establish its compliance with discovery by asserting that on April 14, 1988 it advised plaintiffs' counsel that all clinical data was available for inspection. Defendant also suggests that the depositions of the individuals named in its interrogatories be taken to establish that defendant's answers to interrogatories were not evasive and incomplete. Defendant's attempt to demonstrate compliance is untimely. Pursuant to this Court's February 22, 1988 Order, defendant was to file its answers to interrogatories by March 8, 1988. Defendant failed to meet this deadline and thus failed to comply with this Court's Order. Further, on March 8, 1988, this Court ordered that discovery be completed by March 21, 1988. Defendant's untimely suggestion that depositions pertaining to clinical data be now taken ignores the fact that discovery has been closed for more than a month.

In a belated attempt to comply with our Order of February 22, 1988, defendant has made its clinical data available in bulk form to plaintiffs' counsel. Defendant has unloaded several volumes [1] of information on plaintiffs' counsel requiring him to extract from this mass of material, the information requested by the interrogatories. Such conduct is a clear violation of Federal Rule of Civil Procedure 33(c). Rule 33(c) provides in pertinent part:

> Where the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served ... the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained.... *A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained.* (emphasis ours)

Fed.R.Civ.P. 33(c).

Plaintiffs' interrogatories requested whether defendant's product, the extended

---

1. Defendant alleges in its supplemental brief that its clinical data consists of four (4) volumes of information while plaintiffs' reply alleges that clinical data consists of *forty (40)* volumes. In either case, defendant has failed to adequately comply with Fed.R.Civ.P. 33(c).

wear lenses, were tested for effectiveness, a description of tests performed, the identity of personnel performing the tests, and the results of the tests. Defendant's responsibility to provide answers to interrogatories is not satisfied under Rule 33(c) by dumping several volumes of unspecified information on plaintiffs' counsel.

The Federal Rule 33(c) Advisory Committee Note 1980 Amendment establishes that "the rule appears to have been drafted in contemplation of the tactic attempted by [defendant]." *In re Fine Paper Antitrust Litigation,* 685 F.2d 810, 823 (3d Cir.1982). The Advisory Committee Note 1980 Amendment provides as follows:

> The Committee is advised that parties upon whom interrogatories are served have occasionally responded by directing the interrogating party to a mass of business records or by offering to make all of their records available, justifying the response by the option provided by this subdivision. Such practices are an abuse of the option. A party who is permitted by the terms of this subdivision to offer records for inspection in lieu of answering an interrogatory should offer them in a manner that permits the same direct and economical access that is available to the party. If the information sought exists in the form of compilations, abstracts or summaries then available to the responding party, those should be made available to the interrogating party. The final sentence is added to make it clear that a responding party has the duty to specify, by category and location, the records from which answers to interrogatories can be derived.

Federal Rule of Civil Procedure 33(c) Advisory Committee Note 1980 Amendment.

Thus, under Rule 33(c) defendant has a responsibility to provide a specification of its clinical data sufficient enough in detail so that plaintiffs' counsel can locate the information requested by the interrogatories. Otherwise, the copious material is meaningless and a waste of time to isolate the relevant sections.

■ Defendant has also violated Local Rule 20(c) of the Local Rules of the United States District Court for the Eastern District of Pennsylvania. Local Rule 20(c) requires that a motion not certified as uncontested be accompanied by a brief setting forth the legal contentions and authorities relied on in support of its motion. Local Rule 20(c). *Cherkas v. Stucy,* No. 85–6539 (E.D.Pa. September 10, 1986) [available on WESTLAW, 1986 WL 9893] (Lexis, Genfed library, Dist. file). Defendant failed to accompany its motion for reconsideration with the required brief.[2]

Defendant requests oral argument on its petition for reconsideration of this Court's April 15, 1988 Order. Oral argument on this issue is unnecessary. "Given the nature of [defendant's] violation, the sanction imposed was appropriate: The evidence excluded bears a direct relation to the evidence sought under the discovery order." *In re Fine Paper Antitrust Litigation,* 685 F.2d, at 823. The sanctions imposed by this Court's April 15, 1988 Order shall continue.

Plaintiffs' request that this Court impose further sanctions and strike defendant's answer is denied. A party cannot be sanctioned by striking a pleading unless certain factors are met, which have not been established in this case. *Poulis v. State Farm Fire and Cas. Co.,* 747 F.2d 863 (3d Cir. 1984).

An appropriate Order follows.

### ORDER

Now, this 5th day of May, 1988, upon consideration of defendant's petition for reconsideration, plaintiffs' reply and new matter, IT IS ORDERED that:

1. Defendant's petition for reconsideration and request for oral argument are DENIED. Sanctions imposed by this Court's April 15, 1988 Order shall continue.

---

2. A one sentence "memorandum of law" is attached to the defendant's supplemental response.

2. Plaintiffs' request that defendant's answer be stricken as a further sanction is DENIED.